# EXHIBIT F

ATTN: Bill Hollyman

## COLUCCI & UMANS

218 EAST 50TH STREET
NEW YORK, NEW YORK 10022-7681

FRANK J. COLUCCI, P.C.
COURTNEY WILSON MONAHAN, P.C.
W. BRANT MOSSOP, P.C.
GREGORY J. COLUCCI, P.C.
RICHARD P. JACOBSON, P.C.
DAVID M. DAHAN, P.C.
SUSAN B. JACOBSON
KATHLEEN M. McGANN
GEORGANN M. CALLAGHAN
MICHAEL J. PAMPALONE, III
MARY G. FONTENOT
JANICE K. YOON

OF COUNSEL
NOTARO & MICHALOS P.C.

TELEPHONE (212) 935-5700
FACSIMILE (212) 935-5728
email@colucci-umans.com
www.colucci-umans.com

KENNETH R. UMANS
(1944-1998)

WESTCHESTER OFFICE

670 WHITE PLAINS ROAD
SCARSDALE, NEW YORK 10583-5025
TELEPHONE (914) 472-1900
FACSIMILE (914) 472-1551
scarsdale@colucci-umans.com

November 21, 2006

VIA FEDEX

Mr. Robert Maltz
Aspen Licensing International, Inc.
1649 Forum Place
West Palm Beach, Florida 33401

Re: Victoria's Secret/Bath and Body Works/
"Aspen" collection
Our File D68-000/C701-000

Dear Mr. Maltz:

We are Intellectual Property Counsel to Limited Brands, Inc., and its wholly-owned subsidiaries, including Victoria's Secret Direct, LLC ("Victoria's Secret") and Bath and Body Works, Inc. ("BBW"). Accordingly, your recent telephone call to the Legal Department of Limited Brands, objecting on behalf of Aspen Licensing International, Inc. ("ALI"), to Victoria's Secret's use of the word "Aspen" on a turtleneck sweatshirt and track jacket, has been referred to us for response. In addition, we understand that you object to BBW's Aspen-themed holiday collection that is being offered for sale under its mark THE PERFECT CHRISTMAS® in its retail stores and online at its website, www.bbw.com.

Victoria's Secret recently introduced in its Holiday Casual catalogue and online at its website www.victoriassecret.com a collection of graphic t-shirts and tops having a ski season theme, including the names of well known skiing locations. It is our understanding that you object to Victoria's Secret's clothing identified as "ASPEN" as infringing on ALI's trademark ASPEN, photographs of which are attached as Exhibit A. You have also indicated that you object to all BBW products presented in the Aspen-themed THE PERFECT CHRISTMAS® collection, primarily personal care, travel bags, candles, and other specialty items, that include the word "Aspen" for the same reason, photographs of which you submitted and are attached as Exhibit B. We disagree with your assertions.

COLUCCI & UMANS

Mr. Robert Maltz                                -2-                        November 21, 2006

     First of all, the word "Aspen", like "Breckenridge" and "Vail", refers to a geographic location well-known for its excellent skiing conditions and winter sports. As has been held by courts, including the U.S. Supreme Court, such use of a geographic location is merely descriptive and not inherently distinctive. The Second Circuit has defined a geographically descriptive term or phrase as one that "designates geographical location and would tend to be regarded by buyers as descriptive of the geographic location of origin of the goods or services." *Forschner Group, Inc. v. Arrow Trading Co. Inc.*, 30 F.3d 348, 355 (2nd Cir. 1994) (citing 1 J.T. McCarthy, Trademarks and Unfair Competition, § 14.02); *Canal Co. v. Clark*, 80 U.S. 311, 324 (1871) ("[T]he same reasons which forbid the exclusive appropriation of generic names or of those merely descriptive of the article manufactured and which can be employed with truth by other manufacturers, apply with equal force to the appropriation of geographical names, designating districts of country.").

     Likewise, the use of the word "Aspen" on the BBW and Victoria's Secret products does not constitute trademark usage. Rather, the reference to "Aspen" in conjunction with the winter season and the holiday theme on the BBW and Victoria's Secret products simply identifies a desirable, geographic location that is commonly associated with such themes. The word "Aspen" is used with a host of other words to tell a story and evoke images of a fantasy escape to Aspen, Colorado, as conceived by the BBW and Victoria's Secret's marketing and product development teams. Therefore, these collections use "Aspen" descriptively to portray the holiday season, and the popularity of Aspen, Colorado, at this time of year.

     Second, it is important to note that all BBW and Victoria's Secret products are sold exclusively by BBW and Victoria's Secret, respectively, through their retail stores and online websites (Victoria's Secret also has a mail-order catalog), thereby further minimizing the likelihood of confusion among the consumer population. As you will note, the "Aspen" products offered by BBW also carry the BBW or "White Barn" mark as the origin of goods that is clearly visible on the product labeling. Similarly, the Victoria's Secret trademark is prominently displayed along with the "Aspen" lettering on the track jacket to indicate Victoria's Secret as the source or origin of the jacket. There is absolutely no reference to ALI or indication that ALI is associated or connected with the source or origin of the products.

     Third, the results of our trademark search also indicate that there are many third parties who have registrations for marks that include the word "Aspen", such as Coty US LLC, for the mark ASPEN DISCOVERY (U.S. Reg. No. 2,684,250) and ASPEN (U.S. Reg. No. 1,993,659) for personal care products in Class 3, as well as Desirepath Mississippi, LLC for the mark ASPEN BAY CANDLES (U.S. Reg. No. 2,697,806) and Aspen Bay Company for the mark ASPEN BAY COMPANY (U.S. Reg. No. 2,413,413) in Class 4 for candles. Additionally, the following marks have been

COLUCCI & UMANS

Mr. Robert Maltz                              -3-                         November 21, 2006

registered by third parties in Class 25 for clothing: ASPEN EDGE (U.S. Reg. No. 3,067,770) by Coors Global Properties, Inc.; HOW'S YOUR ASPEN (U.S. Reg. No. 2,591,276) by Daniel E. Homstad, an individual; ASPEN CREEK (U.S. Reg. No. 2584976) by Brijinder S. Ahluwalia, an individual; SKI & SNOWBOARD SCHOOLS OF ASPEN (U.S. Reg. No. 2,360,426) by Aspen Skiing Company, L.L.C.; ASPEN A'S (U.S. Reg. No. 2,440,083) by Paul Ruid, an individual; and POWDER PIGS OF ASPEN (U.S. Reg. No. 1,797,895) by Penelope Louise Kinsman, an individual. Therefore, ALI cannot properly object to the inclusion and use of the word "Aspen" along with other descriptive words based on its ASPEN trademark alone.

      For all of the foregoing reasons, it is our opinion that ALI does not have a valid legal basis for demanding that BBW remove THE PERFECT CHRISTMAS® "Aspen"-themed collection and signage, and that Victoria's Secret remove the "Aspen" tops, from sale and/or to pay ALI a royalty/licensing fee on the sales BBW and Victoria's Secret have made respectively.

Very truly yours,

Frank J. Colucci

FJC/JKY:mc
Enc.

# MOYLE, FLANIGAN, KATZ, RAYMOND, WHITE & KRASKER, P.A.

ATTORNEYS AT LAW

The Perkins House
118 North Gadsden Street
Tallahassee, Florida 32301

Telephone: (850) 681-3828
Facsimile: (850) 681-8788

WILLIAM H. HOLLIMON
E-mail: bhollimon@moylelaw.com

Wellington Office
(561) 227-1560
West Palm Beach Office
(561) 659-7500

November 28, 2006

**VIA FACSIMILE & U.S. MAIL**

Mr. Frank J. Colucci
Colucci & Umans
219 East 50th St.
New York, NY 10022-7681

Facsimile: 212.935.5728

Re:   Aspen Trademark Infringement

Dear Mr. Colucci:

I represent and write on behalf of Aspen Licensing, Inc. ("ALI"), in response to your November 21, 2006, letter to Mr. Robert Maltz. I have been engaged to represent ALI in this matter, so please direct any future communications to my attention.

As you know, ALI is the owner of the trademark ASPEN, United States Trademark Registration No. 1,810,824, for "clothing, namely men's women's and children's sport and dresswear; namely, pants, slacks, skirts, sweaters, jeans, jackets, blazers, coats, suits, dresses, socks, belts, ties, underwear, swimsuits, shorts, scarfs, hats caps, gloves, mittens, berets." ALI also owns numerous other registrations for the mark ASPEN, and derivatives thereof, in international class 25 (Reg. No.'s: 884,709, 884,710, 1,102,787, 1,102,788, 1,187,768, 1,187,769, 1,236,423, 1,236,424, 1,751,333, 1,798,796, 1,827,545, and 2,383,524). The Victoria's Secret ("VS") products shown in Exhibit A to your letter are prominently and conspicuously marked with my client's ASPEN trademark.

Respectfully, your assertion that VS' use of ASPEN "simply identifies a desirable, geographic location" is simply not believable or credible as this use is not part of an advertising campaign "used with a host of other words;" rather, it is a direct and prominent marking of articles of clothing covered under ALI's trademark registrations in Class 25. ASPEN, as applied to clothing, is

Frank Colucci
November 28, 2006
Page 2 of 2

an entirely arbitrary mark and in no way describes, suggests, or connotes a geographic location. This is equally true when the mark is used on clothing by VS.

With regard to BBW, ALI owns the trademark ASPEN for toiletries and bath products in Class 005 (Reg. No. 3080060) and for luggage and accessories (Reg. No.'s 1086411 and 1649495) in Class 018. As evidenced by your Exhibit B, BBW is directly and prominently marking tags affixed to products covered by these trademark registrations with ALI's ASPEN trademark. Further, BBW is selling clothing that prominently includes ALI's ASPEN mark.

My client would prefer to resolve this dispute without litigation. However, your response seems to leave little room for such a resolution. Accordingly, my client has instructed me to contact you and demand that AS and BBW immediately cease and desist from all infringing uses of ALI's ASPEN trademark and that they make restitution to ALI for past infringement. A response to this letter is requested no later than December 1, 2006.

This letter serves as notice of ALI's rights in its ASPEN trademark. Any continued use of the trademark or derivatives thereof without express permission will be considered intentional infringement, which may entitle ALI to treble damages plus attorney's fees in any litigation which may arise. The demand contained herein shall not be deemed to waive or prejudice any rights or remedies which ALI may have with respect to the matter set forth herein, all of which are expressly reserved.

                                                Sincerely,

                                                William H. Hollimon

WHH/pg

## COLUCCI & UMANS

218 EAST 50TH STREET
NEW YORK, NEW YORK 10022-7681

TELEPHONE (212) 935-5700
FACSIMILE (212) 935-5728
email@colucci-umans.com
www.colucci-umans.com

FRANK J. COLUCCI, P.C.
COURTNEY WILSON MONAHAN, P.C.
W. BRANT MOSSOP, P.C.
GREGORY J. COLUCCI, P.C.
RICHARD P. JACOBSON, P.C.
DAVID M. DAHAN, P.C.
SUSAN B. JACOBSON
KATHLEEN M. McGANN
GEORGANN M. CALLAGHAN
MICHAEL J. PAMPALONE, III
MARY G. FONTENOT
JANICE K. YOON

OF COUNSEL
NOTARO & MICHALOS P.C.

KENNETH R. UMANS
(1944-1998)

WESTCHESTER OFFICE

670 WHITE PLAINS ROAD
SCARSDALE, NEW YORK 10583-5025
TELEPHONE (914) 472-1500
FACSIMILE (914) 472-1881
scarsdale@colucci-umans.com

December 1, 2006

**WITHOUT PREJUDICE**
**PURSUANT TO FED. R. EVID. 408**

VIA FACSIMILE
(850) 681-8788

William H. Hollimon, Esq.
Moyle, Flanigan, Katz, Raymond,
White & Krasker, P.A.
The Perkins House
118 North Gadsden Street
Tallahassee, Florida 32301

Re: Victoria's Secret/Bath and Body Works/
"Aspen" collection
Our File D68-000/C701-000

Dear Mr. Hollimon:

We are in receipt of your letter dated November 28, 2006.

As previously noted, it is customary for Victoria's Secret Stores, LLC ("Victoria's Secret") and Bath and Body Works ("BBW") to create a collection of items specifically for the winter and holiday season. Your letter regarding this year's Aspen-themed collections appears to take the overreaching position that any inclusion of the word "Aspen" constitutes trademark use, and automatically thus an infringement of Aspen Licensing International's ("ALI") trademark rights. This position is simply untenable, as evidenced by numerous third party registrations for marks that include the word "Aspen".

A review of the product labeling for the Victoria's Secret and BBW merchandise offered through these holiday collections makes it clear that "Aspen" is not being used as a brand name or trademark for the products. Rather, the word "Aspen" appears with other descriptive words that relate to the theme and imagery of an escape to Aspen, Colorado for the winter season. Although ALI has a trademark registration for the mark ASPEN, its rights are limited to those of trademark usage in the relevant

COLUCCI & UMANS

William H. Hollimon, Esq.                  -2-                    December 1, 2006

classes that would cause a likelihood of confusion as to the source or origin of the merchandise. ALI cannot prevent third parties from using the word "Aspen" in reference to its other meaning as a geographical location as a matter of law.

All of BBW's product labeling is comprised of the following combinations of words to describe a holiday/fantasy escape in Aspen, Colorado: "Bath and Body Works™ Aspen Holiday Getaway Bag"; "The Perfect Christmas® Aspen"; "The Perfect Christmas® Aspen Winter"; "Aspen Winter"; "Bath and Body Works™ Aspen Glam"; "Bath and Body Works™ Aspen Chic"; and "Kiss My Aspen". Nowhere does the word "Aspen" appear as a trademark that could create a likelihood of confusion as to the source or origin of the merchandise. Rather, as seen in Exhibit B to our previous letter, all of the product labeling makes it clear that BBW is the source of the products.

Likewise, Victoria's Secret's turtleneck sweatshirt and track jacket do not pose a likelihood of confusion for similar reasons. The turtleneck sweatshirt, a picture of which was attached as Exhibit A to our previous letter, had the words "Aspen Championship" across the front, with a graphic of a large snowflake in the background. Not only does the word "Aspen" appear with the word "Championship" on the same side of the sweatshirt, but the model in the picture is also shown wearing gloves amidst a snow-covered landscape with a large snow-capped mountain in the background. The track jacket was also featured among this collection of holiday and winter season offerings with the Victoria's Secret emblem plainly visible in the front along with the lettering.

Given that the BBW and Victoria's Secret products evidence use of the word "Aspen" as it relates to the holiday and winter season, combined with other seasonal graphics and cues, ALI can not credibly assert that this use is "arbitrary" and "in no way describes, suggests, or connotes a geographic location." In addition, the BBW and Victoria's Secret trademarks are properly displayed to further eliminate any likelihood of confusion.

In your letter, you state that your client would prefer to resolve this dispute without litigation. Our clients also share this sentiment. However, you also indicate that our response appears to leave little room for such a resolution. Please understand that we have been provided with virtually no information about ALI and its licensees other than ALI's trademark registrations. Thus, we have not been able to purchase and review sample products sold through ALI's licensees in each of the pertinent classes (5, 18, and 25) to evaluate ALI's claims. Although we have conducted various searches through local sporting goods stores and online, we still need ALI's assistance in identifying and verifying those goods bearing the mark ASPEN as products of a licensee. As you know, trademark registration alone, without evidence of use, is not a sufficient basis for a claim of infringement.

COLUCCI & UMANS

William H. Hollimon, Esq. -3- December 1, 2006

In the interest of time, please direct us to some of your online, licensed retailers or provide us with further details on where we can find your licensees' personal care and clothing products in the New York metropolitan area. Once we have this information, we would be pleased to discuss the matter further with you. Of course, we expressly reserve all rights and remedies that BBW and Victoria's Secret may have with respect to the matter set forth herein. We request that you respond to this letter no later than Wednesday, December 6, 2006.

Very truly yours,

Frank J. Colucci

FJC/JKY:mc



**Pennington
Moore
Wilkinson
Bell &
Dunbar** P.A.
ATTORNEYS AT LAW
www.penningtonlaw.com

William H. (Bill) Hollimon
Attorney at Law
215 S. Monroe St., 2nd Floor
Tallahassee, FL 32301

(850) 222-3533
bhollimon@penningtonlaw.com

December 6, 2006

**VIA FACSIMILE & U.S. MAIL**

Mr. Frank J. Colucci
Colucci & Umans
219 East 50th St.
New York, NY 10022-7681

Facsimile: 212.935.5728

Re:   Aspen Trademark Infringement

Dear Mr. Colucci:

As an initial matter, please note that as of December 1, 2006, I changed law firms and my new contact information is reflected in the letterhead. I continue to represent Aspen Licensing International, Inc. ("ALI") and I write in response to your December 1, 2006, letter.

It is apparent that there is a significant disagreement concerning whether the uses of ASPEN that ALI complains of constitute trademark uses, as ALI contends, or whether these uses are descriptive, as you contend. Further, there is disagreement regarding the effect of third-party registrations on ALI's rights. It does not appear that these disagreements will be resolved through our respective arguments. Thus, this response will focus on your request for additional information.

ALI, through its predecessors in interest, claims rights in the mark ASPEN dating back to 1949. Currently, ALI has numerous licensees for a variety of goods. With regard to clothing (Class 005), ALI's licensees include:

1.   Aspen Mills, Inc. (www.aspenmills.com);
2.   Polo Gear, Inc. (www.pologearusa.com); and

1

215 South Monroe St., 2nd Floor (32301)   •   P.O. Box 10095   •   Tallahassee, FL 32302-2095   •   (850) 222-3533   •   (850) 222-2126 fax

TALLAHASSEE                                    TAMPA                                    CLEARWATER

3.   Aspen Skiing Company, LLC.[1]

With regard to luggage, handbags, and accessories (Class 018), ALI's licensees include:

1.   Aspen Luggage Company (www.aspenluggage.com);
2.   Aliz International, Inc. (www.alizbags.com) ; and
3.   Galeco International

ALI also sells handbags directly through retail outlets in Boca Raton, Florida.

With regard to products in Class 005, ALI sells soap and massage oils through a related entity, Heaven's Therapy. These products are generally sold through mall-based kiosks.

Subject to your agreement to maintain confidentiality, a copy of a representative license agreement will also be provided to you. All information provided herein is provided without prejudice pursuant to Rule 408, Federal Rules of Evidence and is intended to facilitate discussions necessary to resolve these issues. ALI continues to assert its belief that your uses of ALI's ASPEN trademark are infringing, and demands that all infringing uses cease and that restitution for past infringement be made. The demands contained herein shall not be deemed to waive or prejudice any rights or remedies which ALI may have with respect to the matters set forth herein, all of which are expressly reserved.

ALI would appreciate a response no later than December 11, 2006.

Sincerely,

*Bill Holl*

William H. Hollimon

WHH

---

[1] One trademark registration cited in your November 21, 2006, letter (SKI & SNOWBOARD SCHOOLS OF ASPEN) is owned by this licensee and was voluntarily surrendered (for Class 025) by the licensee on January 24, 2003, as the referenced license agreement precludes the licensee from registering any mark containing the term ASPEN in Class 025. A copy of this surrender is attached for your reference.

2

## COLUCCI & UMANS

218 EAST 50TH STREET
NEW YORK, NEW YORK 10022-7681

TELEPHONE (212) 935-5700
FACSIMILE (212) 935-5728
email@colucci-umans.com
www.colucci-umans.com

FRANK J. COLUCCI, P.C.
COURTNEY WILSON MONAHAN, P.C.
W. BRANT MOSSOP, P.C.
GREGORY J. COLUCCI, P.C.
RICHARD P. JACOBSON, P.C.
DAVID M. DAHAN, P.C.
SUSAN B. JACOBSON
KATHLEEN M. McGANN
GEORGANN M. CALLAGHAN
MICHAEL J. PAMPALONE, III
MARY G. FONTENOT
JANICE K. YOON

OF COUNSEL
NOTARO & MICHALOS P.C.

KENNETH R. UMANS
(1944-1998)

WESTCHESTER OFFICE

670 WHITE PLAINS ROAD
SCARSDALE, NEW YORK 10583-5025
TELEPHONE (914) 472-1500
FACSIMILE (914) 472-1551
scarsdale@colucci-umans.com

December 11, 2006

**WITHOUT PREJUDICE**
**PURSUANT TO FED. R. EVID. 408**

**VIA FACSIMILE**
(850) 222-2126

William H. Hollimon, Esq.
Pennington, Moore, Wilkinson, Bell
& Dunbar
215 S. Monroe Street, Second Floor
Tallahassee, Florida 32301

Re:  Victoria's Secret/Bath and Body Works/
"Aspen" collection
Our File D68-000/C701-000

Dear Mr. Hollimon:

Thank you for the information provided in your letter dated December 6, 2006, regarding the licensees of Aspen Licensing International, Inc. ("ALI"). We assure you that we will maintain the confidentiality of the information and utilize it only for the purposes of the present discussions. However, upon review of the licensees' products, we maintain our position that there is no likelihood of confusion between the "Aspen" products sold by ALI's licensees and the winter-themed items sold by Victoria's Secret Stores, LLC, Victoria's Secret Direct, LLC (collectively, "Victoria's Secret") and Bath & Body Works, Inc. ("BBW").

First, ALI's licensees in Class 25 cater to highly specialized, niche markets (i.e. EMT/EMS employees, polo sports players, and ski students), and none of the clothing features ASPEN alone so as to create a likelihood of confusion with the clothing offered in Victoria's Secret and BBW's holiday winter collection. Likewise, ALI's licensees in Class 18, Aspen Luggage Company, LLC and Aliz International, Inc., do not appear to sell products that conflict with those sold by Victoria's Secret and BBW. The labels found on Aspen Luggage's products clearly indicate that Aspen Luggage is the origin or source of the luggage. Aliz International appears to be a

COLUCCI & UMANS

William H. Hollimon, Esq.                    -2-                    December 11, 2006

wholesaler who sells bags that are either completely unlabeled or marked with the Aspen leaf logo. We were unable to find any information on the third licensee, Galeco International, though we found a company called "Galco International" that produces leather goods and accessories for handguns, but they do not appear to sell any "Aspen" products. Lastly, as for ALI's affiliated entity, Heaven's Therapy, we were unable to find any Class 5 or Class 3 products that evidence use of the mark ASPEN for personal care.

In addition, unless ALI indicates otherwise, we assume that the third parties who have registered marks for variations of "Aspen" are not licensees of ALI (save for the lone company identified in your December 6th letter) because you note that ALI's licensing agreement precludes licensees from registering any mark containing the term ASPEN. Moreover, a simple online search reveals many unregistered third parties who also use the term "Aspen" in a non-trademark manner, particularly for winter-related items, thus weakening the strength of ALI's mark as an identifier of a sole source or origin in the minds of the public.

While you note in your letter that "[i]t does not appear that these disagreements will be resolved through our respective arguments," we find it troubling that you have yet to present any substantive argument in support of ALI's position that Victoria's Secret and BBW's non-trademark use of "Aspen" for their holiday collections, which are marketed to evoke images of a geographic location associated with snow and winter, constitute an infringement of ALI's ASPEN registrations. As an experienced intellectual property litigator, you know that a party's registration of a mark alone is insufficient. Rather, under the test for trademark infringement, likelihood of confusion, ALI bears the burden of proving that reasonably prudent consumers are likely to confuse ALI with Victoria's Secret or BBW by examining a myriad of factors, such as the degree of similarity between the marks, the extent of third party usage, trade channels, actual confusion, sophistication of purchasers, and the proximity of the marks in the marketplace. In our opinion, ALI's claims of infringement do not hold up under an analysis of all of the pertinent factors.

In closing, if there are any other relevant licensees of ALI, we request that you provide them to us now in order for us to more fully consider ALI's claims. In addition, can you clarify the information you provided regarding Galeco International and Heaven's Therapy, as well as provide a copy of a licensing agreement as indicated in your letter? We look forward to your response.

Very truly yours,

Frank J. Colucci

FJC/JKY:mc



**Pennington Moore Wilkinson Bell & Dunbar** P.A.
ATTORNEYS AT LAW
www.penningtonlaw.com

William H. (Bill) Hollimon
Attorney at Law
215 S. Monroe St., 2nd Floor
Tallahassee, FL 32301

(850) 222-3533
bhollimon@penningtonlaw.com

December 13, 2006

**VIA EMAIL & U.S. MAIL**

Mr. Frank J. Colucci
Colucci & Umans
219 East 50th St.
New York, NY 10022-7681

Re:   Aspen Trademark Infringement

Dear Mr. Colucci:

I write in response to your December 11, 2006, letter. In your letter, you state:

we find it troubling that you have yet to present any substantive argument in support of ALI's position that Victoria's Secret and BBW's non-trademark use of "Aspen" for their holiday collections, which are marketed to evoke images of a geographic location associated with snow and winter, constitute an infringement of ALI's ASPEN registration.

In response, I find it troubling that you have completely mischaracterized ALI's position. The relevant facts (as related to VS) are as follows:

1.   ALI owns the trademark APSEN in International Class 025.
2.   The goods listed in this registration specifically include "sweaters" and "jackets."
3.   ALI has current licensees that produce clothing under this trademark in Class 025.
4.   Victoria's Secret produces and sells sweatshirts and jackets that are directly marked with ASPEN.
5.   Victoria's Secret does not have ALI's permission to use ALI's ASPEN trademark.
6.   There is a likelihood that consumer confusion could result from VS' use of an identical mark on clothing under Class 025.

These are the essential facts necessary to state a cause of action for trademark infringement and

1

215 South Monroe St., 2nd Floor (32301)   •   P.O. Box 10095   •   Tallahassee, FL 32302-2095   •   (850) 222-3533   •   (850) 222-2126 fax

TALLAHASSEE                       TAMPA                       CLEARWATER

constitute a "substantive" argument.

I understand you contend that VS' use is a "non-trademark" use. However, I respectfully disagree. This is not a situation where the term ASPEN in used in some context solely at the point of sale, or solely in conjunction with internet or catalog advertising. Rather, the applicable goods are **directly marked** and relevant consumers observe these goods long after the sale is made and far removed from the advertising context you have described. As an experienced intellectual property litigator, I am sure that you understand that your "non-trademark use" defense is neither as categorical, nor as clear cut, as you represent.

For many reasons, my client simply cannot allow third parties such as Victoria's Secret and Bath and Body Works to freely use its trademarks. For example, these uses, if freely allowed, are likely to be used by others as evidence that my client's mark is weak, or that it has abandoned its mark.

Please let me know by Friday, December 15, 2006, if you are authorized to receive service of process for the following entities:

1. VICTORIA'S SECRET STORES, LLC., and
2. VICTORIA'S SECRET DIRECT, LLC

Sincerely,

William H. Hollimon

WHH